

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,723-01

**EX PARTE WALTER LEE MCCREARY V, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1227912-A IN THE 178TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. *McCreary v. State*, No. 01-10-01035-CR (Tex. App.—Houston [1st Dist.] May 17, 2012) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that appellate counsel failed to challenge the sufficiency of the transfer order in his case. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014). Accordingly, the record should be developed. The trial court is the appropriate

forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's ineffective assistance of counsel claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). Applicant appears to be represented by counsel. If he is not and trial court holds a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's conduct was deficient and Applicant was prejudiced by her alleged deficient conduct. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 30, 2020
Do not publish